Longnecker *v*. The State.

*Walter March,* for the appellant.

------⊹⬦⬩------

## LONGNECKER *v*. THE STATE.

CRIMINAL LAW AND PRACTICE.—It is error for the Court, in a criminal case, where there is *any* evidence tending to sustain different views of the case, to instruct the jury that they must limit their inquiries to a particular view or application of it.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—This case was an indictment against *Mary Ann Longnecker* for the murder of her husband, *Samuel Longnecker*, by poison.

She was committed and sentenced to the State's prison for life.

On the trial, two theories were attempted to be maintained, one by the State, the other by the defendant, as to the cause or occasion of *Samuel Longnecker's* death.

The State maintained that he came to his death by being purposely poisoned by his wife.

The defendant maintained that the deceased came to his death by disease, unskillfully treated by his physicians.

The record shows, we think, that there was some evidence tending to support both these theories, though, as to the latter, it may have been slight. For example, *Dr. Mears*, testifying as an expert upon the facts of the case, said, "could not tell whether he [deceased] had been poisoned, or killed by the doctors, or died of disease." The Court, among other things, instructed the jury thus: "Did *Samuel Longnecker* come to his death by poison or disease? The symptomatic indications of disease and the evidence of medical treatment do not, in my judgment, furnish any evidence that the deceased came to his death. by mal-practice in his attending physicians; hence your inquiry, under the evidence, must be confined to the only two other causes," &c.

It was for the jury to judge of the evidence, and the Court had no right to tell them that they *must* limit their inquiry to a particular view or application of it; it tending, as we have said, to prove another hypothesis, to which it might be applicable. Had there really been no evidence tending to show unskillful practice the Court would have committed no error in saying so; but we think the Court erred on the question of fact. But we have doubted whether an objection to the instruction was properly shown by the record. As it was when submitted to us, we were clear that the record did not legally show the objection and exception. The objection and exception, as the record then indicated, were taken to all the rulings of the Court in mass; but, as subsequently amended, it states that the objections and exceptions were severally taken to the rulings of the Court, at the times when they were made, &c.; at least, the record will bear that interpretation.

Considering the character of this case, as one involving the fate of an individual for life, and the further fact that,

while the record shows that evidence tending, to some extent, to sustain the defendant's theory of the case was given, the jury were told that they must not so consider it, a palpable error, and also, the fact that we can not consider the case upon its merits for the want of all the evidence, we have concluded, though the bill of exceptions is not as explicit in its statement as it might be, to reverse the judgment below.

In *Carter* v. *The State*, 2 Ind. 617, it is held that, "medical books are not admissible as evidence, but medical men may give their opinions as witnesses, which opinions may, in a measure, be founded on the contents of standard medical books as a part of their general knowledge." See, also, *Lynch* v. *The State*, 9 Ind. 541.

The judgment below is reversed, keeper of prison to be notified to return prisoner to jail of *Marion* county, *Indiana*, to await a new trial.

*Per Curiam.*—The judgment is reversed, and it is ordered accordingly.

*R. L. Walpole, L. Barbour* and *J. D. Howland,* for the appellant.

*W. W. Leathers* and *George Carter,* for the State.