GUETIG *v.* THE STATE.

CRIMINAL LAW.—*Murder.—Insanity Produced by Disease.— Instruction to Jury.*—On the trial of a defendant indicted for murder, wherein he had introduced evidence tending to prove that he was subject to attacks of epilepsy, and that such disease tends to produce insanity, the court instructed the jury, that, "When the defence of insanity is interposed to a prosecution for murder, the jury should carefully and intelligently scrutinize and consider the evidence by which it is sought to be established. If the jury should find from the evidence, that there is a reasonable doubt whether

the defendant has been subject to attacks of epilepsy, and if this fact (if so found) has been supplemented by testimony of expert witnesses, establishing to the satisfaction of the jury (evidence raising a reasonable doubt being sufficient), that epilepsy is a disease which tends to produce insanity, *this evidence would not be sufficient to raise a reasonable doubt* of his sanity, *at the time* of the alleged commission of the homicide. There must be sufficient evidence to raise a reasonable doubt of actual insanity at the time of the alleged commission of the offence."

*Held*, that the instruction was erroneous.

*Held*, also, that an erroneous instruction is not cured by a proper instruction unless the former be withdrawn.

From the Marion Criminal Circuit Court.

*J. L. Griffiths* and *A. F. Potts*, for appellant.

*T. W. Woollen*, Attorney General, and *J. B. Elam*, Prosecuting Attorney, for the State.

BIDDLE, J.—The appellant was indicted for murder in the first degree, alleged to have been committed in killing Mary McGlew purposely and with premeditated malice. Upon a plea of not guilty and a trial by jury, he was convicted and sentenced to suffer the penalty of death.

Numerous exceptions were reserved in the record, but such questions as have been discussed before us arose under a motion for a new trial.

The evidence, which is all before us, introduced at the trial, tends to prove that the appellant was subject to attacks of epilepsy. There was also evidence introduced in the case, by the testimony of experts, tending to show that epilepsy is a disease which tends to produce insanity; indeed, the insanity of the appellant, at the time he committed the deed alleged against him, was the main defence at bar. In reference to the defence of insanity the court, over the objections and exceptions of the appellant, instructed the jury as follows :

" 25. When the defence of insanity is interposed to a prosecution for murder, the jury should carefully and intelligently scrutinize and consider the evidence by which it is sought to be established. If the jury should find

from the evidence, that there is a reasonable doubt whether the defendant has been subject to attacks of epilepsy, and if this fact (if so found) has been supplemented by the testimony of expert witnesses, establishing to the satisfaction of the jury (evidence raising a reasonable doubt being sufficient), that epilepsy is a disease which tends to produce insanity, this evidence would not be sufficient to raise a reasonable doubt of his sanity at the time of the alleged commission of the homicide. There must be sufficient evidence to raise a reasonable doubt of actual insanity at the time of the alleged commission of the offence."

It is contended, on behalf of the appellant, that this instruction is erroneous, because of its uncertainty and tendency to confuse and mislead the jury, and because it directly instructs the jury as to the weight of evidence, and thus assumes to decide a question of fact which is beyond the province of the court's power or duty.

The State contends that the instruction is not erroneous, but is within the authority of the cases of *Sawyer* v. *The State*, 35 Ind. 80, and *Bradley* v. *The State*, 31 Ind. 492; and, although the instruction, standing by itself, might be erroneous, yet that all the instructions given by the court, taken together, present the law correctly, and, therefore, the instruction can not be held as sufficient to reverse the judgment.

In the case of *Sawyer* v. *The State, supra,* Sawyer was indicted for the murder of his wife. At the trial, the appellant offered to prove " that the deceased, Lizzie Sawyer, had, for a long time previous, been having adulterous intercourse with a man by the name of Bibbs and others, of which adulterous conduct the defendant had, for a long time, been cognizant." The evidence, on objection made by the State, was rejected, and the defendant excepted. In this case the court, after holding the evidence to be incompetent to

prove a justification, excuse or even palliation of the offence, remarked:

"It is claimed, however, that the evidence should have been permitted to go to the jury, on the ground that it tended to establish the insanity of the accused. * * But the evidence, as offered, was incompetent for that purpose."

There are some important distinctions between this case and the one before us. It is clear that the fact that Sawyer's wife had been committing adultery with Bibbs and other men, and that Sawyer knew the fact, would not tend to produce the disease of insanity in Sawyer. It might very much enrage or distract him temporarily, but would not tend to produce insanity as a disease. This is a very different statement from the facts supposed in the instruction we are considering, namely, that Guetig had attacks of epilepsy, and that epilepsy tended to prove insanity. Besides, in the Sawyer case, the question was one upon the admissibility of evidence, which is solely for the court to decide. The question in the present case is one upon the insufficiency of the evidence to prove a given fact, which is solely for the jury to decide.

The case of *Bradley* v. *The State, supra,* is cited and quoted from with approval, in support of *Sawyer* v. *The State, supra,* and is not in conflict with it in any respect. Neither of these cases supports the views of the State, as urged in the case under consideration.

The instruction complained of, compactly stated, plainly means, that, if the appellant has been subject to attacks of epilepsy, and epilepsy is a disease which tends to produce insanity, these facts are not sufficient to raise a reasonable doubt of his sanity, at the time of the alleged commission of the homicide. It is not clear in the statement of the time of the attacks of the epilepsy, in relation to the time of the commission of the offence. For aught that the

instruction says, in words, it might be understood to mean, that, if the appellant had attacks of epilepsy on the day the deed was done, (a fact, indeed, which the evidence tends to prove,) or an hour before, or even at the time, it still would not be sufficient to raise a reasonable doubt of his sanity at the time the homicide was committed. Such a view would be plainly erroneous. The instruction is also erroneous, because it directly states that certain evidence, which is legitimately before the jury, is not sufficient to prove a certain fact, or to raise a reasonable doubt of a certain fact.

What evidence proves, or tends to prove, after it has gone to the jury, is a question solely for the jury to decide; and it is error for the court to interfere with their decision upon the weight of evidence, by an instruction.

Nor do we concur with the views of the State, that the instruction, if objectionable, can be corrected by other instructions which are not objectionable.

We do not find any other instruction given in this case, upon the question of epilepsy, as tending to produce the disease of insanity; and we have frequently decided that an erroneous instruction can not be corrected by an instruction which is not erroneous, unless the erroneous instruction be withdrawn.

The following authorities support our views:

*Longnecker* v. *The State*, 22 Ind. 247; *Larue* v. *Russell*, 26 Ind. 386; *Cain* v. *Hunt*, 41 Ind. 466; *Kintner* v. *The State*, 45 Ind. 175; *Barker* v. *The State*, 48 Ind. 163; *Dœring.* v. *The State*, 49 Ind. 56; *The Toledo, Wabash and Western R. W. Co.* v. *Shuckman*, 50 Ind. 42; *Summers* v. *The State*, 51 Ind. 201; *Greer* v. *The State*, 53 Ind. 420; *Matthews* v. *Story*, 54 Ind. 417; *Pratt* v. *The State*, 56 Ind. 179; *McCarthy* v. *The State*, 56 Ind. 203; *Clifford* v. *The State*, 56 Ind. 245; *Veatch* v. *The State*, 56 Ind. 584; *Broker* v. *Scoby*, 56 Ind. 588; *Killian* v. *Eigenmann*, 57 Ind. 480; *Richie* v *The State*,

58 Ind. 355; *Snyder* v. *The State*, 59 Ind. 105; sec. 19, art. 1, constitution, 1 R. S. 1876, p. 23.

Other questions are presented in the case, but, as they will be opened by a new trial, and are not likely to arise again, we do not examine them.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings.