## No. 9697.

### THE STATE OF LOUISIANA VS. JOE TUCKER.

When a bill of exceptions recites the facts which the counsel had contended before the jury, had been established by the evidence, and refers to the evidence in support thereof, and asks for charges applicable to the state of facts recited, the judge's refusal to give the charges on the ground that they are inapplicable to the case, is error, unless the judge states that there was no evidence in the case supporting or tending to support the contentions of counsel.

It is the duty of the judge to give full instructions to the jury covering the entire law of the case as respects all the facts proved or claimed by counsel to be proved, provided such claim is supported by any evidence.

Authorities reviewed and criticised.

The functions of the judge in such case is different from that involved in rulings on admissibility of testimony, when he is entitled to weigh the testimony as to proof of necessary foundation, as a matter involving the exercise of his own discretion.

APPEAL from the Third District Court, Parish of Union. *Young,* J.

*M. J. Cunningham,* Attorney General, and *E. H. McClendon,* District Attorney, for the State, Appellee.

*G. A. Killgore* and *Jas. A. Ramsey* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The errors charged are presented on two bills of exceptions.

As the first bill raises important principles of practice dependent in great measure upon its recitals, we shall transcribe it in full, notwithstanding its length.

"Be it remembered that, upon the trial of the above entitled case during the argument, defendant's counsel contended before the jury that it had been proved on the trial by the testimony of the witness Alex. Bryant, who was the injured party, that he, the said witness Bryant, saw defendant armed with a gun in his (Bryant's) yard near his dwelling house, in the night time, before any of the older members of his family had gone to bed, and that he, the said Bryant, saw the defendant approach the house and come close to it three different times, and at one of those times the defendant come up to the door of the house and placed his hand against it, but made no effort to open it, and at each time the defendant went away without making any effort to break into the house or do any violence to any one; and that on the defendant approaching the house the fourth time, still having his gun

State vs. Tucker.

in his hand, and that the said witness, Bryant, without saying anything whatever to the defendant, fired upon him, striking him with several shot, some buck shot and some small shot, and that at the firing of the gun, by Bryant, the defendant cried out *"Oh! Lordie,"* and immediately began to run away toward his (defendant's) house without making any effort at that time to return the fire or shoot at said Bryant; that soon after the defendant began to retreat, the said Bryant began to follow him up, and fire upon him; that the effect of the shot received by the defendant disabled him so that he could not travel without something to support him; that the witness Bryant and his wife both followed up defendant, and fired upon him and that at or about the third time, the witness Bryant shot at defendant, and at or about the first time his wife had shot at defendant, defendant having retreated about thirty yards away and got behind some bee-gums, the defendant fired upon the witness Bryant, who was then nine steps from him and still approaching the defendant, the shot from defendant's gun taking effect in the witness Bryant's thigh and hip; and that at the moment defendant's gun fired, the said witness Bryant fell and the defendant then hobbled away leaning on his double-barrelled gun for a support as he went. Both of defendant's counsel contended before the jury that all of the above facts had been proved by the State's witnesses before the jury, and after the judge had charged the jury and when he asked defendant's counsel if they had any special charge, the defendant asked the court to charge the jury as follows, to wit:

1st. "A man has no right, under the law, to violently assault and shoot at another simply because he has found the other upon his premises in the night time."

2d. "A man has a right to order another to leave his house or premises, but has no right, even when such order is given, to put him out by force until gentler means fail, and if the owner attempts to use violence in the outset and is slain, it will not be murder in the slayer if there be no previous malice."

3d. "A man has a right to drive a party away from his premises who is there without his authority, and if the intruder should start away immediately in good faith, the owner would have no right to follow him up; but if he should follow him up, and while still retreating in good faith, it should become absolutely necessary for him to fell his pursuer, in order to save his own life, he is justifiable."

And the court refused to give each and every one of said special charges to the jury, stating at the time and in the presence and hear-

ing of the jury that they, the special charges, were not applicable to the facts of the case, and for that reason he refused to give them in charge to the jury; and the defendant, by counsel, retained a bill of exception both to the ruling of the court in refusing to give said special charge in charge to the jury and also to his statement in the presence and hearing of the jury that the said charges were not applicable to the facts of the case, and defendant tenders this, his bill of exception, to be signed by the judge and filed in the case which is accordingly done.

I did not give the first charge, because I did not deem it at all applicable to the facts. I refused to give the third charge for the same reason; and I refused to give the second because as too erroneously stated if applicable, and as not applicable. I do not assent by any means to the facts as recollected by counsel, as stated above.

Signed in open court, this February 12th, 1886.

It will be observed that the bill raises two objections to the action of the judge, viz:

1st. In stating *in the presence of the jury*, that the charges were not applicable to the facts of the case, which is complained of as an expression of the judge's opinion as to what the facts were.

2d. To the ruling itself and the ground thereof.

As to the first, it not appearing from the bill, that the charges themselves were read in the hearing of the jury, the statement of the judge that they were not applicable was, so far as the jury was concerned, entirely insignificant.

The second objection, however, is very serious.

The bill is carefully drawn. It recites with precision and distinctness, the facts which, the counsel contend before the jury, had been established by the evidence.

If the facts were as recited in the bill, or if there was evidence in the case supporting or tending to support the contentions of counsel, it is obvious that the charges asked were not inapplicable to the case.

The bill is drawn in accordance with the suggestions made by this Court in Stouderman's case, 6 Ann. 286, where it was said:

"The charge required might not have had a precise application to the case. It was the duty of the counsel to have shown by his bill of exceptions that he asked for instructions to the jury that would have had a material bearing on his case, and that he did not require the judge to charge the jury upon abstract principles of law. * * * If the counsel of the accused had distinctly stated the facts he contended the evidence had established, and then required the court to charge the

jury that if they believed those facts, etc., it would have been the duty of the judge to have instructed," etc.

So it is held by other authorities that "it is the duty of the judge to give full instructions to the jury, covering the entire law of the case, as respects all the facts proved or claimed by the respective counsel to be proved," and that though "if no evidence was given upon a point, the judge is not under obligation to charge the jury respecting it, though requested," yet "as far as the evidence goes, he should give any pertinent instruction asked for, conformable to the law." 1 Bishop· Cr. Proc. § 980, citing Hinch vs. State, 25 Ga. 699; Longnecker vs. State, 22 Ind. 247; State vs. McDonnell, 32 Vt. 491; McCay vs. State, 15 Ga. 205; Drake vs. Curtis, 1 Cush. 395; State vs. Wilson, 2 Scam. 225; Davis vs. State, 10 Ga. 101.

In Riculfi's case, 35 Ann. 775, we said: "In Stouderman's case, it was said to be the duty of the prisoner's counsel to have shown by his bill of exceptions that he asked for instructions to the jury that would have had a material bearing on the case, and that he did not require the court to charge upon abstract principles of law. * * * It is not possible for this Court to determine their applicability unless the bill of exceptions informs us of the circumstances to which the law is to be applied."

In Daly's case, 37 Ann. 576, we said: "The bill contains no averment that proof had been made of the fact embodied in the proposed charge. * * * Hence, under the circumstances, the judge in giving the charge as suggested would simply have instructed the jury on an abstract principle of law."

In Melton's case, 37 Ann. 82, the judge's refusal to give a charge because inapplicable was sustained, on the judge's statement that "it referred to facts of which there was no evidence whatever."

In Ford s case, 37 Ann. 464, it does not appear that the bills contained the necessary recitals, and the judge stated "that the principles announced in the respective charges are foreign to the nature of the case on trial, and have no application to or connection with the facts which had been established by the evidence."

Other cases touching on the point will be found to rest on like foundations, and do not cover a case like the present.

Here the bill recites the facts which the counsel contended had been established by the evidence and refers to the testimony supporting the same, and asks for charges certainly applicable to such facts. It the-

judge had distinctly negatived these statements and, as in Melton's case, had stated that they were supported "by no evidence whatever," we should have been bound to take his statement against that of counsel, and to have sustained his ruling. But his mere dictum, "I do not assent by any means to the facts as recollected by counsel," does not assert or necessarily imply that there was no evidence supporting or tending to support the contentions of counsel so explicitly stated in the bill, and does not, therefore, sustain his refusal to give the charges on the ground of inapplicability. In this matter it was not the function of the judge to pass upon the weight or value of the evidence which had gone to the jury and was subject to their exclusive cognizance.

There is a class of cases to which a different rule applies, viz: those involving rulings of the judge, in the course of the trial, upon the admissibility of evidence, such as whether the proper foundation had been laid for evidence of character, threats, etc. In such cases, it is the necessary function of the judge, for the guidance of his own action in a matter addressed exclusively to his own discretion, to determine whether the foundation has been laid, and, for that purpose, to consider and weigh the evidence in support thereof. Hence, we have held that, as the foundation must rest on *proof* of the antecedent conditions required, it is in the sound discretion of the judge to determine whether such proof has been made. State vs. Labuzan, 37 Ann. 491; State vs. Janvier, *Id.* 645; State vs. Ford, *Id.* 461.

But when the evidence is closed and the case has gone to the jury, it is the latter's exclusive province to consider all evidence before it, and to determine its weight and credibility; and it is the judge's duty to charge the law applicable to any state of facts supported by evidence, whether he believes or attaches value to such evidence or not.

Neither the judge nor the counsel for the State question the correctness, in point of law, of the first and third charges asked, and the judge should have given them.

The second charge is taken *verbatim* from the text of Wharton, and is supported by authorities. Wharton Cr. L. sec. 1025, citing McCoy vs. State, 3 Eng. 451; State vs. Sloan, 47 Mo. 604; Greschia vs. State, 53 Ill. 295.

It may be remarked that all three of the charges would suffer modification in their application to *felonious* assaults or intrusions on premises; but their terms exclude such application and, as asked and as referring to the facts stated in the bill, there is no sound objection to them.

The second bill of exceptions is as follows:

"Be it remembered that, upon the trial of the above entitled case, after the court had charged the jury, he asked the district attorney if he had any special charge which he desired given; and the district attorney requested the court to charge the jury as follows, to wit: 'That he who provokes a difficulty cannot avail himself of the plea of self-defense as a justification for shooting the person whom he has provoked into the difficulty.' And the court gave said special charge as requested, and the counsel for the defendant excepted to that special charge as given by the judge and retained this his bill of exception. Then counsel for defendant asked the court to charge the jury as follows, to wit: 'That when two parties have had a difficulty, if one of them quits the combat and retreats in good faith and is pursued by the other, who continues to follow him up with violence and hostility, and should it become absolutely necessary for the one retreating to turn and fell his pursuer in order to save his own life, he is justifiable whether he was the aggressor in the beginning of the difficulty or not.' And the court refused to give said special charge in charge to the jury and stated as a reason therefor, in the presence and hearing of the jury, that the special charge was not applicable to the facts proven in the case, and defendant, by counsel, excepted both to the ruling of the court refusing to give said special charge and to his stating in the presence and hearing of the jury that the special charge was not applicable to the facts in the case; and defendant tenders this, his bill of exception, to be signed by the judge after giving his reasons for said ruling."

"The charge asked for by defendant as above stated, was read by the counsel in the presence of the jury, and in giving the only reason which could be given, I stated it was not applicable, as in my opinion it clearly was not, although proper when the facts justified it. The charge asked for by the district attorney and given as excepted to above, I believed applicable to the facts as given. In refusing the charge requested by defendant's counsel I abstained from commenting on the facts or even alluding to them except that the charge requested was not applicable."

We think there is no ground for plaintiff's complaint that the judge stated the reason of his ruling in presence of the jury. If counsel saw fit to read his requested charge in presence of the jury and to ask the judge's ruling thereon, he cannot complain that it was then and there given.

If this bill stood by itself, containing no recitals of facts or contentions, the judge's refusal on the ground that the charge asked was inapplicable would not be reviewed by us.

But, as the case must be remanded, we would state that the charge asked by defendant is correct and is a proper exception to, and qualification of, the correct general principle embodied in the special charge before given on request of the district attorney.

We would say, in conclusion, that the learned judge has, no doubt, been misled in this matter by some too general *dicta* contained in opinions of this Court. But we feel bound to avail ourselves of the opportunity to restrain their application within proper limits.

It is, therefore, ordered that the verdict and sentence appealed from be annulled and set aside, and that the case be remanded for further proceedings according to law.

Bermudez, C. J. and Poché, J. concur in the decree.