## COMMONWEALTH *vs.* MICHAEL McDONALD.

At the trial of an indictment for rape, the refusal of the judge to allow the woman on whom the alleged offence was committed to be asked on cross-examination whether, at a time previous to the offence, she had been engaged in the unlawful sale of liquor, furnishes the defendant with no ground of exception.

At the trial of an indictment for rape, the judge instructed the jury that the act of the defendant must have been without any consent on the woman's part; that the defendant must have used sufficient force to accomplish his purpose; and that the degree of resistance was frequently essential in determining whether the want of consent was real; but that there was no rule of law requiring the jury to be satisfied that the woman, according to their measure of her strength, used all the physical force in opposition of which she was capable. *Held*, that the defendant had no ground of exception.

INDICTMENT for rape committed on Mary Burns. At the trial in the Superior Court, before *Pitman*, J., the defendant asked Mary Burns, on cross-examination, what had been her occupation previous to the time of the commission of the offence upon her. The district attorney objecting to the question, and the defendant stating that he proposed to prove that she had been engaged in the unlawful sale of liquor, the judge ruled that such fact could not be shown, but that if she had been convicted, it might be shown by the record. The district attorney then stating that he did not object to any inquiry as to her business at the time of the alleged commission of the offence, the judge allowed her to be inquired of as to her occupation at that time, but not as to her previous occupation.

The defendant requested the judge to instruct the jury " that in order to convict the defendant, his act must have been without the woman's consent ; that if there was no evidence of actual and determined resistance on her part, the inference would be that it was with her consent; and that there must have been sufficient force used by the defendant to overcome any resistance that the woman might have offered." The judge declined so to instruct them, but instructed them " that the act of the defendant must have been without the woman's consent, and there must have been sufficient force used by him to accomplish his purpose ; that the jury must be satisfied that there was no consent during any part of the act ; and that the degree of resistance

was frequently an essential matter for them to consider in determining whether the alleged want of consent was honest and real, but that there was no rule of law requiring a jury to be satisfied that the woman, according to their measure of her strength, used all the physical force in opposition of which she was capable."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* (*S. R. Townsend* with him,) for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J. The defendant had a right to impeach the credibility of the prosecutrix as a witness, by record proof that she had been convicted of a crime, or by general evidence of her bad reputation for chastity. There is some apparent conflict in the authorities as to the extent to which her cross-examination may be carried, for the purpose of extorting evidence of particular instances of unchaste conduct with the defendant, or with other men. *Rex* v. *Martin,* 6 C. & P. 562. *Rex* v. *Hodgson,* Russ. & Ry. 211. *People* v. *Jackson,* 3 Parker C. C. 391. *State* v. *Johnson,* 28 Vt. 512. But the question excluded in this case had a very remote bearing, if any at all, upon her general character for chastity. Its declared purpose was to prove that she had been, at some previous time, a common seller of intoxicating liquors in violation of law. The defendant has no ground of complaint, that the court, in the exercise of its discretion, confined this course of cross-examination to the time of the commission of the offence. He was still left entirely at liberty to cross-examine fully upon the general subject of unchastity.

Upon the subject of the degree of resistance on her part, and its bearing upon the question whether the crime was committed with force and against her will, the instruction given by the court was appropriate and correct. *Regina* v. *Camplin,* 1 Cox C. C. 220. *Exceptions overruled.*