## BROWN *v.* THE STATE.

[No. 20,687. Filed February 14, 1906.]

1. FALSE PRETENSES.—*Checks.*—*Postdated.*—*Statutes.*—Defendant is not liable for false pretense, under Acts 1905, pp. 584, 751, §677, or §678, in negotiating a check on June 23 which is made "payable June 26," such statute applying only to present or past facts or representations and not to promises to perform in the future. p. 86.

2. APPEAL AND ERROR.—*Criminal Law.*—*Final Judgment.*—Where it clearly appears on appeal that defendant has committed no crime, final judgment will be rendered discharging him. p. 88.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Prosecution by the State of Indiana against Fred Brown. From a judgment of conviction, defendant appeals. *Reversed and defendant discharged.*

*Fippen & Fippen,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

HADLEY, J.—Appellant was convicted upon an affidavit charging him and Henry Lamping with obtaining goods under false pretenses on June 23, 1905.

The objection to the sufficiency of the affidavit to charge a public offense is that the check upon which the prosecution is based is a promise to pay at a future date. It reads as follows:

1.

"Medora, Indiana, June 23, 1905.
Payable June 26, 1905.
Medora State Bank
Pay to Henry Lamping, or order, fifteen dollars .($15).
Henry Lamping."

Endorsed on back as follows:

"Henry Lamping,
Fred Brown."

It is alleged in the affidavit that Lamping exhibited the check to Sutton, the prosecuting witness, and represented to him, with intent to defraud, that the same was good, and of the value of $15, and by means of which false check, token, and pretense, Sutton, believing them to be true and relying upon them, sold and delivered to Lamping and defendant Fred Brown merchandise at the price and of the value of $15, in exchange for said check.

It is stated that the prosecution is under §677 of the act of 1905 (Acts 1905, pp. 584, 751, §2283a Burns 1905), but whether under this or §678 (§2284 Burns 1905) is not material so far as the question involved is concerned. A postdated, and postpayable check, as a ground for false pretense, has frequently had consideration of the courts, and it may now be considered as settled in this State that a false pretense, within the meaning of the statute, can not be predicated upon the nonperformance of a future promise, or the happening of a future event.

A distinguished author on criminal law says: "Both in the nature of things, and actual adjudication, the doctrine is, that no representation of a future event, whether in

the form of a promise or not, can be a pretense within the statute; for it must relate either to the past or to the present." 2 Bishop, Crim. Law (7th ed), §420.

A conservative and accurate expression of the law was made by this court in *State* v. *Magee* (1858), 11 Ind. 154, in the following words: "This enactment seems to be broad enough to embrace any and every false representation made by a party, by means of which he has fraudulently obtained the property of another. It can not, however, intend to have a range so wide as its terms would seem to indicate; because, if it be literally construed, breach of contract and crime will scarcely be divided by an appreciable line, and acts which have been understood as creating mere civil liabilities, will be punished criminally. The pretenses must be of some existing fact, made for the purpose of inducing the prosecutor to part with his property. * * * A pretense, therefore, that a party would do an act he did not intend to do, is not within the statute; because it is a mere promise for his future conduct. Roscoe, Crim. Ev., 465, *et seq.; People* v. *Haynes* [1834], 11 Wend. 557; *People* v. *Haynes* [1835], 14 Wend. 547; *People* v. *Thomas* [1842], 3 Hill 169; *People* v. *Williams* [1842], 4 Hill 9; *Fenton* v. *People* [1843], 4 Hill 126; *Commonwealth* v. *Drew* [1837], 19 Pick. 179. These authorities plainly show that any representation or assurance, in relation to a future event, may be a promise, a covenant, or a warranty, but can not amount to a statutory false pretense." *Keller* v. *State* (1875), 51 Ind. 111, 117; 19 Cyc. Law and Proc., 394, 395, and cases collated; 12 Am. and Eng. Ency. Law (2d ed.), 810, 811, and cases collated.

In this case the check was written on a blank form issued by the Medora State Bank. The first clause contained the name of the place and actual date of drawing the check, to wit, June 23, 1905. The second clause, and that wholly written, was in these words: "Payable June 26, 1905."

There was nothing doubtful or misleading about the time when the check was payable. It was expressly announced and provided on the face, that it was not payable before June 26, and in this offer to negotiate it on the day of its date—June 23—there was no implied representation that the money was or would be on deposit in the bank for its payment before June 26. Even if Lamping had money on deposit with the bank June 23, sufficient to pay the check, he was under no obligation to keep it there, and might have checked it out for other purposes. The matter of essential importance to the defendant and Lamping was to have the money on deposit with the bank for the payment of the check on June 26. In short, the check amounted to nothing more than a promise by the drawee and indorser to have the money at the bank for the payment of the check at a future date, and brings the case fully within the rule above mentioned.

Without considering any other question relating to the sufficiency of the charge, we hold that the court erred in overruling the motion to quash.

The judgment is therefore reversed, and, it appearing to the satisfaction of the court that no offense has been committed, it is therefore ordered that appellant be forthwith discharged from custody by the warden of the state prison, and that the clerk without delay certify a copy of this order to said warden.