## RAHKE v. THE STATE.

[No. 20,888. Filed June 7, 1907.]

1. RAPE.—*Elements.*—*Statutes.*—Under §2004 Burns 1905, Acts 1905, pp. 584, 662, §361, rape consists in the carnal knowledge of a female of the age of fourteen or over, forcibly against her will, or in carnally knowing a female under fourteen. p. 618.

2. SAME.—*"Woman."*—*Words and Phrases.*—The word "woman," as used in §2004 Burns 1905, Acts 1905, pp. 584, 662, §361, defining rape, imports a human female fourteen years of age or over. p. 618.

3. SAME.—*Assault and Battery with Intent.*—*Elements.*—To convict for assault and battery with the intent to commit rape on a female fourteen years of age or over, it must be proved beyond a reasonable doubt that defendant committed such assault and battery with the intent forcibly, and against such female's will, to have carnal knowledge of such female. pp. 618, 620.

4. SAME.—*Force.*—*Constructive or Implied.*—The force necessary to the crime of rape need not always be actual, but may be implied from the circumstances. p. 619.

5. SAME. — *Consent.* — *Duress.* —*Fraud.*—Consent, obtained by duress or fraud, is no defense in a prosecution for rape. p. 619.

6. TRIAL.—*Instructions.*—*Rape.*—*Force.*—An instruction, in a prosecution for rape, that if the evidence shows beyond a reasonable doubt that defendant "laid or put his hands on the person of the prosecuting witness and that he did so with the thought, purpose and intention, in his mind of inducing her thereby to submit against her will to sexual intercourse with him," he is guilty of rape, is bad, since it fails to include the element of force. p. 620.

7. SAME.—*Instructions.*—*Defining Crime.*—*Omission of an Element.*—An instruction attempting to set forth the elements of a crime, is bad, where it omits one essential element. p. 621.

8. SAME.—*Instructions.*—*Erroneous.*—*Curing by Other Instructions.*—Where one instruction is positively erroneous, its defects are not cured by giving an instruction which is correct, unless the erroneous instruction is clearly withdrawn. p. 621.

9. SAME. — *Instructions.* — *Partial.* — An instruction corrrectly stating the law so far as it assumes to do so, is not erroneous. p. 622.

10. SAME.—*Instructions.*—*Rape.*—*Resistance.*—An instruction, in a prosecution for rape, that the woman is not required "to resist by all violent means within her power" the aggressions of defendant, but that she must make a good-faith resistance, the existence of which is a question of fact for the jury, is not erroneous. p. 622.

From Criminal Court of Marion County (35,186) ; *W. W. Thornton,* Special Judge.

Prosecution by the State of Indiana against Augustus Rahke. From a judgment of conviction, defendant appeals. *Reversed.*

*Michael Ryan, John C. Ruckelshaus, Wilborn Wilson* and *Smith, Duncan, Hornbrook & Smith,* for appellant.

*Charles W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley* and *H. M. Dowling,* for the State.

MONKS, J.—An indictment was returned against appellant charging that he "on December 21, 1905, at and in the county of Marion and in the State of Indiana, did then and there, unlawfully, feloniously and forcibly, in a rude, insolent and angry manner, touch, push, strike and choke one Edna Iddings, a woman, with intent then and there,

and thereby her, said Edna Iddings, feloniously, forcibly and against her will to ravish and carnally know," etc. Trial by jury and verdict of guilty of assault with intent to commit the crime of rape as charged in the indictment. Over a motion for a new trial, final judgment was rendered on this verdict.

Counsel for appellant complain of instructions nine, ten and fifteen, given by the court of its own motion.

In instruction nine the court informed the jury that, "to make out the case of assault and battery with intent to commit rape, charged in the indictment, the State must establish by the evidence, beyond a reasonable doubt, that the defendant did lay or put his hands upon the person of Edna Iddings; that he did so with the thought, purpose and intention in his mind of inducing her thereby to submit against her will to sexual intercourse with him, and that he intended to have sexual intercourse with her at the time he laid or put his hands upon her person, and that she at the time was a female, who was not then his wife."

By said instruction ten, the court told the jury that, "to make out the case of an assault with intent to commit a rape, the State must establish by the evidence, beyond a reasonable doubt, that the defendant, having the present ability to do so, unlawfully attempted to commit a violent injury upon said Edna Iddings, with the thought and intention in his mind of inducing her thereby to submit, against her will, to sexual intercourse with him, and that he intended to have sexual intercourse with her at the time of the assault, and that she at that time was a female, who was not then his wife."

The only objection urged to said instructions is that they omit the element of force which is essential to the crime of rape upon a female of fourteen years of age or over. Acts 1905, pp. 584, 662, §361, §2004 Burns 1905.

The statute upon which said indictment was based reads as follows: "Whoever perpetrates an assault or an assault

1. and battery upon any human being, with intent to commit a felony, shall, on conviction, be imprisoned in the state prison not less than two years, nor more than fourteen years, and be fined not exceeding $2,000." Acts 1905, pp. 584, 660, §352, §1995 Burns 1905. The part of the statute defining the offense of rape, in force when it is alleged that the offense charged was committed, necessary to the determination of this case, is as follows: "Whoever unlawfully has carnal knowledge of a woman forcibly against her will, or of a female child under fourteen years of age * * * is guilty of rape." §2004, *supra*. Under said statute there are two classes of facts, each of which constitutes a rape. By the first it is made rape unlawfully to have carnal knowledge of a woman "forcibly against her will." By the second, it is made rape to have carnal knowledge of a female child, under the age of fourteen years. All females of the human species fourteen years of age and over are deemed women within

2. the first clause of the statute defining rape. Under the second clause of said statute, the offense is rape with or without the consent of the female child. *Greer* v. *State* (1875), 50 Ind. 267, 269, 19 Am. Rep. 709; Gillett, Crim. Law (2d ed.), §726.

The charge in this case is assault and battery with intent to commit rape, under said first clause; that is to have

3. carnal knowledge of the prosecuting witness, "a woman, forcibly and against her will." To make out a case of assault, or assault and battery with the intent to commit the crime of rape, as charged, it was necessary to prove beyond a reasonable doubt that appellant committed an assault, or an assault and battery as charged, and that the same was committed with the intent then and there and thereby unlawfully to have carnal knowledge of the prosecuting witness "forcibly against her will." *Hollister* v. *State* (1901), 156 Ind. 255, 258.

Force is an essential element of the crime of rape. It is held that the element of force need not be actual, but may be constructive or implied. If the woman is

4. mentally unconscious from drink or sleep, or from other cause is in a state of stupefaction, or is incapable from mental disease (whether disease be idiocy or mania), so that the act of unlawful carnal knowledge on the part of the man was committed without her conscious and voluntary permission, the idea of force is necessarily involved in the wrongful act itself; the act of penetration and such carnal intercourse is rape. 2 Bishop, Crim. Law (8th ed.), §§1120, 1121, 1123, 1124; 1 Wharton, Crim. Law (10th ed.), §§559, 560, 562, 563; Gillett, Crim. Law (2d ed.), §§728, 729; *Pomeroy* v. *State* (1884), 94 Ind. 96, 48. Am. Rep. 146; *Gore* v. *State* (1904), 119 Ga. 418, 46 S. E. 671, 100 Am. St. 182; *Payne* v. *State* (1899), 40 Tex. Cr. 202, 49 S. W. 604, 76 Am. St. 712, and authorities cited; *Commonwealth* v. *Burke* (1870), 105 Mass. 376, 7 Am. Rep. 531; *State* v. *Atherton* (1878), 50 Iowa 189, 32 Am. Rep. 134. But even in cases of this kind, the intent to use force, if necessary, to accomplish the offense, is essential to criminality. 1 Wharton, Crim. Law (10th ed.), §§550, 561, p. 526; note to *Smith* v. *State* (1861), 80 Am. Dec. 355, 367; *State* v. *Lung* (1891), 21 Nev. 209, 28 Pac. 235, 37 Am. St. 505, and note page 511.

An acquiescence obtained by duress or fear of personal violence will avail nothing, the law regarding such submission as no consent at all. If the mind of the woman

5. is overpowered by a display of physical force, through threats, express, implied, or otherwise, or she ceases resistance through fear of great harm, the consummation of unlawful intercourse by the man would be rape. 1 Wharton, Crim. Law (10th ed.), §557; 2 Bishop, Crim. Law (8th ed.), §1125; *Ledley* v. *State* (1853), 4 Ind. 580; *Eberhart* v. *State* (1893), 134 Ind. 651, and

cases cited; *Hawkins* v. *State* (1894), 136 Ind. 630; *Felton* v. *State* (1894), 139 Ind. 531; *Ransbottom* v. *State* (1896), 144 Ind. 250; *Bailey* v. *Commonwealth* (1886), 82 Va. 107, 3 Am. St. 87.

Consent is no defense when what the woman agreed to was a medical operation and not sexual intercourse; and the same rule obtains when what the woman agreed to was legitimate sexual intercourse with her husband, and not sexual intercourse with a stranger. 1 Wharton, Crim. Law (10th ed.), §559; 2 Bishop, Crim. Law (8th ed.), §1122; *Reg.* v. *Dee* (1884), 15 Cox C. C. 579; 6 Criminal Law Magazine, 220; 31 Alb. L. J., p. 43; *Pomeroy* v. *State, supra,* and authorities cited.

It was said in 1 Wharton, Crim. Law (10th ed.), §576a, concerning a charge of assault or assault and battery with intent to commit a rape: "But unless it appear 3. that the intent was to ravish by force, the defendant must be acquitted of the aggravated offense." In 1 Bishop, Crim. Law (8th ed.), §731, it is said on the same subject: "To constitute an assault with intent to commit a rape, the man's purpose must be to use force, should it be necessary, to overcome the woman's will. *Taylor* v. *State* (1873), 50 Ga. 79. For example, it is not enough that he means to solicit her, however urgently, to consent to a carnal connection."

It is clear, from what we have said, and the authorities cited, that proof beyond a reasonable doubt, that appellant "laid or put his hands on the person of the prose- 6. cuting witness, and that he did so with the thought, purpose and intention in his mind of inducing her thereby to submit against her will to sexual intercourse with him," does not establish the felony charged in the indictment. To induce means "to persuade, to coax, to prevail on, to move by persuasion, or influence." Webster's Inter. Dict. Standard Dict. "To induce her to submit to sexual intercourse with him" means only to persuade, coax her, to

Rahke *v.* State—168 Ind. 615.

submit to sexual intercourse with him, and this falls far short of an intention to have carnal knowledge of her person "forcibly against her will." 1 Bishop, Crim. Law (8th ed.), §731; 1 Wharton, Crim. Law (10th ed.), §576a. The phrase "against her will," used in the instructions, if it has any effect, only makes the instructions ambiguous and uncertain, and therefore misleading.

The Attorney-General claims that where an instruction states the law correctly, so far as it assumes to state it, or where an instruction is incomplete, but correct so far 7. as it goes, the same is not erroneous, citing *Adams* v. *State* (1879), 65 Ind. 565; *Garber* v. *State* (1884), 94 Ind. 219; *Harper* v. *State, ex rel.* (1885), 101 Ind. 109; *Binns* v. *State* (1879), 66 Ind. 428. We agree with the Attorney-General in this contention, but the same does not apply here, because said instructions nine and ten assumed to state all the elements necessary to make out the offense of assault and battery with intent to commit the crime of rape and assault with the intent to commit the crime of rape, ignoring in each of said instructions the essential element of force, that such assault or assault and battery must have been committed with the felonious intent to have carnal knowledge of the person of the prosecuting witness "forcibly against her will." In other words, he must have intended to use whatever force was necessary to overcome the woman's will. 1 Bishop, Crim. Law (8th ed.), §731; 1 Wharton, Crim. Law (10th ed.), §576a. In such a case, the rule is that where an instruction assumes to state all the essential elements of the offense, and one or more is omitted, the same is erroneous. Gillett, Crim. Law (2d ed.), §915; *Bird* v. *State* (1886), 107 Ind. 154, 155, and cases cited.

It is claimed, however, "that the element of force necessary to constitute rape was amply stated in another instruction given by the court. Said instruction was inconsistent with instructions nine and ten, and the same, 8. when considered together, were at least calculated

to mislead the jury or leave them in doubt as to whether the intent to use force was an essential element of the felony charged. It is well settled that this is a cause for reversal. *McDougal* v. *State* (1882), 88 Ind. 24, 28; *Kirland* v. *State* (1873), 43 Ind. 146, 13 Am. Rep. 386; *Wenning* v. *Teeple* (1896), 144 Ind. 189, 195; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 196. Such an error cannot be corrected, by giving a proper instruction on that subject, unless the erroneous instruction is plainly withdrawn. Gillett, Crim. Law (2d ed.), §§915, 916; *Guetig* v. *State* (1878), 63 Ind. 278, 282, and cases cited; *McDougal* v. *State, supra; Trogdon* v. *State* (1892), 133 Ind. 1, 9, 10; *Wenning* v. *Teeple, supra; Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 109. As said instructions nine and ten are erroneous for the reasons given, we need not determine whether they are open to other objections.

As instruction fifteen, given by the court, stated the law correctly, so far as it assumed to do so, it falls within the rule stated by the Attorney-General on that subject, and no reversible error was committed in giving the same.

Objection is made to instruction eleven, given by the court, on the ground "that the jury had the right to conclude therefrom that if appellant attempted to have sexual intercourse with the prosecuting witness, and she did not consent expressly in words, this alone would warrant conviction." We do not think that any such conclusion could reasonably be drawn from said instruction. It reads as follows: "It is not the law of this State that a woman assaulted with an intent to commit rape upon her is required to resist by all violent means within her power. The law requires only that the case be one in which the woman did not consent. Her resistance must not be mere pretense, but in good faith. The law does not require that the woman shall do more than her age, strength, and all the attendant circumstances make it reasonable for her to do in

order to manifest her opposition. The question of resistance is a question of fact for you to determine and find, and not a question this court can decide." In *Anderson* v. *State* (1886), 104 Ind. 467, 474, this court said: "The nature and extent of resistance which ought reasonably to be expected in each particular case, must necessarily depend very much upon the peculiar circumstances attending it, and it is hence quite impracticable to lay down any rule upon that subject as applicable to all cases involving the necessity of showing a reasonable resistance. *Ledley* v. *State* [1853], 4 Ind. 580; *Pomeroy* v. *State* [1884], 94 Ind. 96; *Commonwealth* v. *McDonald* [1872], 110 Mass. 405; 2 Bishop, Crim. Law (8th ed.), §1122."

In *Felton* v. *State, supra,* this court said: "In *Huber* v. *State* [1890], 126 Ind. 185, the court held that 'the rule does not require that the woman shall do more than her age, strength, and the attendant circumstances make it reasonable for her to do in order to manifest her opposition.' The better rule is that it is not necessary that a woman should use all the physical force she has in resistance, but it must be real, and must have been overcome by the force of the defendant. *State* v. *Shields* [1877], 45 Conn. 256; *Commonwealth* v. *McDonald* [1872], 110 Mass. 405." In 2 Bishop, Crim. Law (8th ed.), §1122, it is said: "Some of the cases both old and modern, are quite too favorable to the ravishers of female virtue. * * * It is believed, the better judicial doctrine, requires only that the case shall be one in which the woman 'did not consent.' Her resistance must not be a mere pretense, but in good faith." See, also, *Eberhart* v. *State, supra; Hawkins* v. *State, supra; Felton* v. *State, supra,* and cases cited; *Ransbottom* v. *State, supra,* and cases cited; *Bailey* v. *Commonwealth, supra.*

Upon the authority of the cases cited, we hold that the court did not commit reversible error in giving said instruction eleven.

Other questions are argued, but as they may not arise upon another trial they are not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.