### THE STATE OF INDIANA *v.* FERRIS.

[No. 21,214.   Filed January 13, 1909.]

FALSE PRETENSES.— *Future Promises.— Post-Dated Checks.—* The
giving of a check dated June 19 for goods purchased on June 17,
the purchaser stating that he had $80 or $90 then in the bank
and would have the remainder therein upon the date named in the
check, does not constitute a false pretense, since a promise to per-
form a thing in the future is not a representation of a fact.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Prosecution by The State of Indiana against William D.
Ferris.    From a judgment quashing the indictment, the
State appeals.   *Affirmed.*

*James Bingham,* Attorney-General, *Joseph E. Talbott,*
Prosecuting Attorney, *Edward M. White, Henry M. Dow-
ling* and *Alexander G. Cavins,* for the State.

*Eli F. Seebirt* and *Daniel D. Schurtz,* for appellee.

HADLEY, J.—Appellee was indicted in two counts for ob-
taining property under false pretenses.    It was held that
both counts were bad for failure to state a public offense,
and the State appeals.    There is no material difference in
the counts, and both are alike subject to the infirmities to
which we will direct attention.    The first count, omitting
formal parts and some surplus matter, is as follows:   "That
William D. Ferris, late of said county, on June 17, 1907, at
said county and State aforesaid, did then and there unlaw-
fully, feloniously, and with the intent of inducing Horace
G. Zimmerman to part with the possession of, sell and de-
liver to said William D. Ferris certain merchandise, to wit:
*   *   *   of the value then and there of $100, and of the
personal property of said Horace G. Zimmerman, did then
and there falsely pretend and state to said Horace G. Zim-
merman that he, said William D. Ferris, had at that time on

deposit at the American Trust Company the sum of $80 or
$90, and that he would be able, in a day or so, to deposit
sufficient money, in addition to said $80 or $90, to amount
to $100, and thereupon offered and delivered to said Horace
G. Zimmerman, in exchange of and payment for said mer-
chandise, a certain check on said American Trust Company,
in words and figures following, to wit:

> 'South Bend, Indiana, June 19, 1907.   No.—
>                 American Trust Company.
>    Pay to the order of H. G. Zimmerman $100 One hun-
> dred ....................................Dollars.
>                                          W. D. Ferris.'

''That by means of such false pretenses, so feloniously and
fraudulently made by said William D. Ferris, with the in-
tent of exchanging said check for said merchandise, and
for the purpose of inducing said Horace G. Zimmerman to
deliver said property to said William D. Ferris in exchange
for said check and to accept said check as payment there-
for, and he, said Horace G. Zimmerman, relying upon and
believing said false statements to be true, said William D.
Ferris did then and there unlawfully, feloniously and de-
signedly obtain of and from said Horace G. Zimmerman the
aforesaid personal property, to wit:   *   *   *   of the value
then and there of $100, and of the property of said Horace
G. Zimmerman. Whereas, in truth and in fact, said William
D. Ferris did not have on deposit at said American Trust
Company the sum of $80 or $90, and did not at said time,
nor for a long time prior thereto, have on deposit in the
American Trust Company any money or funds out of which
said check could be paid, or against which said William D.
Ferris was entitled to issue any check whatever, as he, the
said William D. Ferris, then and there well knew, contrary
to the form of the statutes,'' etc.

The charge, in substance, comes to this. The defendant
proposed to and did give the prosecuting witness his post-
dated check on a bank for $100 for certain goods of the

value of $100, and, to induce the prosecuting witness to accept such check for the goods, falsely pretended and stated that he had, at that time, June 17, on deposit in said bank, $80 or $90, and that he would be able in a few days to increase the deposit to $100; that the prosecuting witness relied upon and believed the statement, and sold and delivered said goods to the defendant for said check; that the defendant, when he made the statement and pretense, did not have any money whatever on deposit in said bank. It is shown that the check offered and exchanged by the defendant for the goods was not drawn against his pretended, present, bank account, but against what he promised his deposit should be on or before June 19; and it is not positively alleged that the prosecutor was induced to give the defendant time for payment by reason of his believing that the defendant then had on deposit $80 or $90.

The check bearing the post-date was not presentable to the bank for payment before the day of its date. The drawee was not directed to pay the check before June 19, and the defendant made no promise to pay for the goods in any other way, or at any other time. There was no fraud or deception in the date of the check. The prosecuting witness knew it bore a future date, and that the defendant had no right to draw a check on the trust company for $100 at the time the check was executed. He further knew that the trust company would not pay the check for $100, or at least would be under no duty to pay it at any time, unless the defendant increased his deposit, as he promised to do, by the time the check became presentable.

We are unable to distinguish the transaction from a sale of goods on a promise to pay for the same at a future date. The check was but written evidence of the promise to pay $100 for the goods on June 19. It is the law of this State that a false pretense, within the meaning of our criminal law, cannot be predicated upon the nonperform-

.ance of a future promise. *Brown* v. *State* (1906), 166 Ind. 85, and authorities cited.

A false pretense, to constitute a crime within our statutes, must rest upon some existing fact. A distinguished author on criminal law thus states the rule: "Both in the nature of things, and in actual adjudication, the doctrine is, that no representation of a future event, whether in the form of a promise or not, can be a pretense within the statute; for it must relate either to the past or to the present." 2 Bishop, Crim. Law (7th ed.), §420.

Judgment affirmed.