## CHRIST v. STATE OF INDIANA.

[No. 23,901. Filed June 29, 1921.]

1. CRIMINAL LAW.— *Evidence.— Judicial Knowledge.—* The Supreme Court will take judicial notice of the county in which a large city is located, and that Ft. Wayne is located in Allen county. p. 57.

2. CRIMINAL LAW.— *Evidence.— Judicial Knowledge.—* The circuit court of Allen county will take judicial notice that New Haven is located in Allen county. p. 57.

3. CRIMINAL LAW.— *Evidence.— Sufficiency.— Venue.—* While it may not be necessary to prove venue by direct questions and answers showing in what county and state the felony charged was committed, there must be some evidence tending to support such fact, and from which the fact may be found. p. 58.

4. .CRIMINAL LAW.— *Evidence.— Sufficiency.— Receiving Stolen Goods.*—In a prosecution for receiving stolen goods, where the evidence showed that the property was taken at New Haven, and that it was found at the place of business of the accused on a named street, but there was no evidence in what state, county or city the street was located, conviction must be reversed for want of proof of venue of the offense, which would be the place where the stolen property was received. p. 58.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Prosecution by the State of Indiana against Paul Christ. From a judgment of conviction, the defendant appeals. *Reversed.*

*Ryan, Ryan & Aldrich,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, C. J.—Appellant was charged and convicted of the crime of receiving stolen property "at the County of Allen, in the State of Indiana."

The sole question presented arises on the motion for a new trial, and is, Does the evidence sustain the venue?

The evidence shows that the property was taken from the Nickel Plate Railroad at New Haven; that the goods were found at the place of business of appellant on Lafayette street; that some of the stolen property was also found at 812 Buchanan street.

Whether the very streets referred to are in Allen county, Indiana, cannot be told. Of course the trial took place at the city of Fort Wayne. Nowhere in the evidence is any language used like "this city," "this county," "this state," "Fort Wayne," "Allen county," from which the court or jury would have the right to infer that the crime was committed at the place charged. *Williams* v. *State* (1907), 168 Ind. 87, 92, 79 N. E. 1079. Of course this court would judicially know that Fort Wayne is in Allen county. So the trial court would judicially know that New Haven is in Allen

county.   New Haven was the place where the property was stolen; but there is nothing to show the venue as to the specific crime charged; that is, where the property was received.

In *Harlan* v. *State* (1893), 134 Ind. 339, at 341, 33 N. E. 1102, this court said: "It may not be necessary to prove venue by direct questions and answers 3. showing in what county and State the felony was committed, but there must be some evidence tending to support such fact, and from which the fact may be found."

In the instant case we have simply the names of streets where witnesses reside.   Even the police officers who testified do not say where they are from. 4. It would therefore seem that the case comes squarely within the rule laid down in *Harlan* v. *State, supra.*   See also, *Strickland* v. *State* (1909), 171 Ind. 642, 645, 87 N. E. 12, and cases there cited.

The state relies upon *Cluck* v. *State* (1872), 40 Ind. 263; but an examination of this case discloses that the evidence showed that the crime was committed in the city of Indianapolis and the venue of the cause was Marion county.   This was held sufficient.

The state also cites *Beavers* v. *State* (1877), 58 Ind. 530.   An examination of this case shows that the prisoner and the deceased left Scott county on the evening of November 3, 1877, by railway, going toward Jefferson county; that on the next day the prisoner was in Jefferson county, and the body of the deceased was found in Jefferson county.   This was held sufficient to establish the venue in the latter county.

There being no evidence to establish the venue in the instant case, the court erred in overruling appellant's motion for a new trial.

Judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial.