## LIECHTY v. STATE OF INDIANA.

[No. 25,257. Filed January 9, 1930. Rehearing denied June 25, 1930.]

*R. C. Parrish, David E. Smith* and *William C. Geake,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This prosecution was commenced by the State of Indiana, by filing an affidavit in the Adams Circuit Court, charging that the appellant, on June 7, 1925, in the county of Adams, State of Indiana, did then and there feloniously and unlawfully make an

assault in and upon one Dorothy Kelsey, then and there being a female child under the age of 16 years, to wit, 14 years and nine months, and did then and there feloniously and unlawfully ravish and carnally know her, the said Dorothy Kelsey. The appellant waived arraignment and pleaded not guilty, and the cause was submitted to a jury for trial. The jury returned a verdict of guilty. A motion for a new trial was filed and overruled and judgment entered on the verdict,. and from such judgment this appeal is taken.

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

In his motion for a new trial, the appellant alleges 56 grounds, the 55th reason being that the verdict of the jury is contrary to law, and the 56th being that the verdict is not sustained by sufficient evidence.

The appellant claims that it was error for the court, of its own motion, to give instruction No. 2, because, he says, the court should not pick out portions of the statute, construe the meaning of parts of it, and give its construction to the jury trying the cause, but the entire statute should be embodied in the instruction and correctly given. It was not necessary for the court in any instruction to set out the entire section of statute defining rape. It was enough to call the attention of the jury to the fact that the charge in this case was rape on a female child under 16 years of age. This is the offense charged in the statute, and the court in giving instruction No. 1, set out a copy of the affidavit upon which this prosecution is based and then, in instruction No. 2, the court said, that portion of the section of statute of the State of Indiana, upon which the affidavit in this cause is based, reads as follows: "Whoever unlawfully has carnal knowledge of a male or female under sixteen years of age is guilty of rape."

The appellant in objecting to this instruction says that

where an instruction assumes to state all the essential elements of the offense and one or more is omitted, it is erroneous, citing Gillett Criminal Law (2d ed.) §915. This section of Gillett's Criminal Law does not support appellant's contention, but said section says: "It is settled by abundant authority that error cannot be predicated upon the giving of an incomplete instruction, unless by reason of its abridged character it is in and of itself misleading; the remedy of the complaining party is to tender complete instructions." Appellant also cites *Rahke* v. *State* (1907), 168 Ind. 615, 81 N. E. 584, In that case, the charge was assault and battery with intent to commit rape under the first clause of §2429 Burns 1926, that is, to have carnal knowledge of the prosecuting witness, a woman, forcibly and against her will. To make out a case of assault and battery and to commit the crime of rape as charged, it was necessary to prove beyond a reasonable doubt that the same was committed by having carnal knowledge of a woman forcibly and against her will. Force is an essential element of the crime of rape as charged in the first clause of the statute defining rape. Appellant goes on further to say that in that case, *Rahke* v. *State, supra,* the court said all females of the human species 14 years of age and over are termed women within the first clause of the statute defining rape. The prosecution of the Rahke case was commenced under Acts 1905 p. 584, §361. The statute of 1905 p. 584, fixed the age of consent at 14 years, and that statute was amended by Acts 1907 p. 85, and, in such amendment, the age of consent was raised to 16 years, and there it has remained. See Acts 1913 p. 267; Acts 1921 p. 373.

The prosecution in the instant case is upon that provision in the statute, §2429 Burns 1926, forbidding the offense upon a female under 16 years of age. This in-

struction does not omit any material element of the offense.

In instruction No. 1, where the offense is described in the affidavit, the prosecuting witness is referred to as a female child under 16 years of age, and her name given as Dorothy Kelsey. Again, in instructions Nos. 9 and 10, given by the court of its own motion, this person, upon which the offense is alleged to have been committed, was described as a female child. There can be no doubt from the use of the language in these three instructions that the female referred to in instruction No. 2 is the same person named in the affidavit as Dorothy Kelsey.

Mere verbal inaccuracies in instructions, or technical errors in the statement of abstract propositions of law, furnish no grounds for reversal, when they result in no substantial harm to the defendant, if the instructions, taken together, correctly state the law applicable to the facts of the case. *Stout* v. *State* (1883), 90 Ind. 1.

In *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320, the trial court in defining the offense of voluntary manslaughter had omitted the word "voluntary," but in other respects the definition followed the statute literally. This court said in that case: "It is not perceived how the defendant could have been prejudiced by the omission of this word. Besides, the omitted word was in effect supplied in an instruction subsequently given. The rule is firmly established that if, upon considering all the instructions together, it fairly appears that the law was stated with substantial accuracy, so that the jury could not have been misled, no ground for reversal is presented, even though a particular instruction, or some detached portion thereof, may not be precisely accurate."

In the instant case, the instruction, in setting out a portion of the statute on which this prosecution is based,

omitted the word "child," but such omission could not have any effect upon the meaning of the instruction when taken in connection with the offense described in the affidavit, and for which the appellant was being tried. The jury must be presumed to have some knowledge of the English language and a fair amount of intelligence, and we cannot assume in this case that they were misled by the omission of the word "child," in the second instruction.

The appellant claims that the court erred in giving instruction No. 3, on motion of the State. Said instruction No. 3 is as follows: "The credibility of any witness may be impeached by proof that he has made statements out of court contrary to and inconsistent with what he testifies to on the trial concerning matters material and relevant to the issues joined. And in this case if any witness has been thus impeached about material matters relevant to the issues in the case, then you have a right to reject all his testimony except in so far as he has been corroborated by other credible evidence in the cause." Instruction No. 10, given on motion of the defendant, is as follows: "If you should believe from the testimony in this case that any witness or witnesses have wilfully and intentionally testified falsely to any material fact in the case, intending by such false testimony to mislead and deceive you as to the truth in this case, you may, under such belief, disregard the whole or any part of the testimony of such witness or witnesses, if in your opinion, you are justified, under your belief, in so doing."

The appellant claims that these instructions are inconsistent, and that instruction No. 3 is erroneous because it states to the jury that certain things must, as a matter of law, be regarded in determining the question of credibility. This claim of appellant is not borne out by the wording of the instruction. Appellant refers in support of his argument to an instruc-

tion on the credibility of witnesses who are interested in the case, tendered in *Woollen* v. *Whitacre* (1883), 91 Ind. 502, but the instruction condemned by the court in that case contains this clause: "but you have the right, and it is your duty, to take into consideration that interest, together with his manner of testifying and the consistency or inconsistency of his statements, if any; also, what contradictory statements, if any, he may have made in relation to the matter in suit." This clause was struck out of the instruction tendered, and the court then gave it, and the charge so modified by the court was held to be correct. So, in this case, the court has not undertaken to state to the jury what they must take into consideration in determining the credibility of a witness and the weight to be given to his testimony. Instruction No. 3 may be considered as incomplete, but it is not erroneous, because it does not discuss the question of wilfully and knowingly giving false testimony. Instruction No. 10, tendered by appellant and given by the court, covers this omission, and the two instructions taken together are not erroneous as applying to the evidence in this case.

Under "Points and Authorities," the appellant names the 33rd, 34th and 35th grounds for a new trial, and says that they are connected and asks that the court consider them all together. These three grounds are based on the action of the court in admitting in evidence, over the objection of the defendant, State's Exhibit No. 1, and in permitting a witness, H. M. DeBoss, to testify. Appellant then sets out a copy of State's Exhibit 1, and the brief then goes on to state the objection by the defendant to the offer of Exhibit No. 1, and also objection by the defendant to the testimony of the witness, H. M. DeBoss, who testified that a certain witness, Dr. H. E. Keller, who has testified in this cause in the preliminary examination before the mayor of the city

of Decatur, was now deceased. The brief shows that the testimony of such witness was admitted, and the State's Exhibit No. 1 admitted, but the appellant fails to state where these facts may be found in the record, and also fails to state that any exceptions were taken by the defendant to the admission of such evidence.

The appellant alleges that the 47th and 48th grounds for a new trial are based on the action of the court in refusing to permit Rosetta Liechty, a witness for the defendant, to detail to the jury a conversation had by her with Rosie Kelsey, stepmother of Dorothy Kelsey, and of Dorothy Kelsey herself. The brief shows that such testimony was offered by the defendant and rejected by the court on the objection of the State, but the appellant fails to show that any exceptions were taken to the ruling of the court on this question. It also fails to show where in the record this offer and rejection may be found.

The 53rd and 54th grounds for a new trial are based on the alleged misconduct of the assistant prosecuting attorney in his closing argument in this case, but the brief fails to disclose where this matter may be found in the record, and fails to show that the appellant took any exceptions to the rulings on the questions at the time.

The appellant has failed to comply with clause 5, Rule 22 of the Rules of the Supreme Court, which requires that the brief contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. It is the duty of appellant to point out error; this court will not search the record to reverse. *Dorsey* v. *State* (1913), 179 Ind. 531, 100 N. E. 369; *Barksdale* v. *State* (1925), 196 Ind. 392, 147 N. E. 765; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *McKee* v. *State* (1926), 198 Ind. 590, 154 N. E.

372; *Schell* v. *Schell* (1927), 199 Ind. 643, 158 N. E. 594; *Humble* v. *State* (1928), 199 Ind. 653, 160 N. E. 41; *Bottorff* v. *State* (1927), 199 Ind. 540, 156 N. E. 555; *McCrocklin* v. *State* (1920), 189 Ind. 254, 256, 126 N. E. 678; *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772. The credibility of the witnesses and the weight of their testimony were questions for the jury. It is not necessary to set out the evidence; it sustains the verdict and the verdict is not contrary to law.

No reversible error being shown in the record, the judgment is affirmed.