MOSS *v.* STATE OF INDIANA.

[No. 29,735. Filed June 9, 1959.]

*Shirley & Helms,* of Kokomo, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Assistant Attorney General, for appellee.

LANDIS, J.—Appellant was convicted of uttering and delivering of a fraudulent check for which he was sentenced for a period of one to ten years and fined the sum of $25.00.

He appeals from the judgment of conviction and the only question here presented is the sufficiency of the evidence to sustain the trial court's finding of guilty.

Appellant contends the check involved in this case was a post-dated check, and therefore it was not a violation of the fraudulent check statute[1] for him to issue it. The state concedes the well settled rule that a post-dated check, being merely a promise to pay an obligation in the future, is not a violation of the statute. See: *Brown* v. *State* (1906), 166 Ind. 85, 76 N. E. 881, 8 Ann. Cases 1068; *State* v. *Ferris* (1909), 171 Ind. 562, 86 N. E. 993, 41 L. R. A. (N. S.) 173; *Nedderman* v. *State* (1926), 198 Ind. 187, 152 N. E. 800.

---

1. Acts of 1927, ch. 201, §6, p. 576, being Burns' Indiana Statutes §10-2105 (1956 Replacement).

While it is the well settled rule that this court on appeal will not weigh the evidence, it will review the same to ascertain whether the trial court's finding of guilty is sustained by sufficient evidence, when the question of the sufficiency of the evidence is raised on appeal.

The check introduced in evidence was as follows:

December 16, 1957,

Pay to the order of Mrs. Lodie Vaughn $64.00
THE PERU TRUST COMPANY

(signed) Bernard A. Moss

The briefs do not adequately present the record evidence on the question of whether the check was post-dated or not, and we have gone to the transcript to ascertain the true state of the record. Our search reveals that the evidence on that point was conflicting—the prosecuting witness stating on direct examination appellant gave her the check on December 16 [the same day it was dated], whereas appellant stated he gave it to her approximately nine days prior to that time. At the resumption of the trial some four weeks later, the prosecuting witness stated on cross-examination she didn't then remember whether appellant gave her the check before the 16th or not.

The evidence was further conflicting as to the contents of a letter appellant testified he gave to the prosecuting witness accompanying the check. Appellant testified this letter (not produced at the trial) stated the check was post-dated, that he "would not have sufficient funds in the bank" and "not to cash it until after December 16, 1959". However, the prosecuting witness's testimony was that appellant in the note had stated "the check was in there [and that] he said he had the money in the bank".

A bank ledger sheet was introduced in evidence showing appellant's checking account not to have had over $17.50 therein at any time from November 25, 1957 to December 31, 1957, although appellant's check called for the payment of $64.00.

It is not our province on appeal to determine where lies the greater preponderance of the evidence introduced at the trial, nor is it our duty to attempt to reconcile the testimony of the prosecuting witness or any other witness on direct examination with that given on cross-examination. As we said in *Wedmore* v. *State* (1957), 237 Ind. 212, at p. 218, 143 N. E. 2d 649 at p. 652:

> ". . . Whether or not she was telling the truth when she signed the statement in the office of appellant's attorney, or on the witness stand at the time of the trial, was a question for the jury. The credibility of the witnesses herein and the weight of their testimony are questions for the jury. . . . ."

It is plainly apparent that the evidence bearing upon the point of whether the check was post-dated or not was conflicting, and as we cannot properly weigh the evidence nor determine the credibility of the witnesses, we cannot say that the finding of guilty returned by the trial court, which was the trier of the facts, was not sustained by sufficient evidence in this case.

The evidence favorable to appellee, with the necessary inferences supporting the same being sufficient to sustain the finding of guilty, the judgment is affirmed.

Bobbitt, Arterburn and Jackson, JJ., concur.

Achor, C. J., dissents without opinion.

NOTE.—Reported in 159 N. E. 2d 119.