DENSON *v.* STATE OF INDIANA.

[No. 29,786. Filed January 22, 1960. Rehearing denied March 1, 1960.]

*Edward F. New, Jr.,* and *William C. Erbecker,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged by affidavit with the crime of assault and battery with

intent to commit a murder. He waived arraignment and entered a plea of not guilty. The trial was by the court without intervention of a jury and resulted in a finding of guilty as charged. He was sentenced to the Indiana State Prison for a period of not less than one (1) nor more than ten (10) years, and fined in the sum of one dollar ($1.00). The motion for a new trial which was overruled first assigns as errors that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The evidence in brief shows that a cab driver picked up the appellant and a woman later identified as Roberta Ann Callan, at the Lorraine Hotel about ten to eleven o'clock in the evening of September 4, 1958. They drove to 56th Street and then east on that street almost to Road 37 and stopped. The appellant and the woman were arguing. The cab driver testified that the appellant was strangling the woman and when appellant let loose, blood came from her throat. This occurred about 25 yards west of Road 37. Another witness further testified that Roberta Callan had a deep cut around her throat which was bleeding badly when he saw her at the hospital; that he talked to the appellant and the appellant said among other things: "I did it, so what. That was my knife, wasn't it?"

The appellant contends that the venue was not proved, but witness Delmer Tableman, the record shows, was placed on the witness stand and testified that he was acquainted with the boundaries of Marion County and the location of "25 yards west on 56th Street of Road 37" and that such a place is located in Marion County.

In *Buhmeier* v. *State* (1934), 206 Ind. 645, 190 N. E. 857, substantially the same question as to proof of venue was raised on appeal and this court said:

"This court will take judicial notice of the fact that the City of Evansville is in Vanderburgh County and that there is in the State of Indiana such a county as Vanderburgh County. (Cases cited.) The finding was sustained by sufficient evidence as to both the venue and the time of the commission of the offense." *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, Reh. den. 154 N. E. 388; *Dunlap* v. *State* (1932), 205 Ind. 384, 180 N. E. 475, 186 N. E. 764; *Christ* v. *State* (1921), 191 Ind. 56, 131 N. E. 820; *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401.

The Court takes judicial notice that Marion County is in the State of Indiana. Therefore, in our opinion, the venue was proved and the charge was sustained by the evidence. This Court on appeal will not weigh the evidence nor determine the credibility of the witnesses when the question of the sufficiency of the evidence is raised on appeal. Examining the evidence most favorable to the appellee we find that it sustains the finding of the trial court. The trial court did not err in overruling the motion for a new trial. *Moss* v. *State* (1959), 239 Ind. 541, 159 N. E. 2d 119; *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N. E. 2d 782.

The appellant next objects to the introduction of certain pictures as exhibits taken by a policeman showing the condition of the throat of Roberta Callan on the night she was taken to the hospital. This evidence was competent and relevant and there was no error on the part of the court in admitting such evidence.

The next contention made by the appellant is that the State introduced an affidavit of Roberta Callan as an exhibit which stated in substance that she was the prosecuting witness; that she did not want to prosecute the defendant nor testify against him; and that she was bedfast due to a heart ailment and unable to attend

the trial and she requested the prosecutor to dismiss the cause. The State claims they offered the affidavit in evidence to excuse her absence. The appellant claims that he had the constitutional right to confront every witness face-to-face and to cross-examine such a witness. Article 1, Section 13, Constitution, State of Indiana; Amendment 6, Constitution of the United States.

There can be no question about the appellant's constitutional rights. Every defendant has the right to be confronted by his accusers and witnesses who testify against him and also the right to cross-examine such witness. But the appellant cannot stand idly by, making no objections to the introduction of certain evidence, and thereafter claim error and that he did not waive his right. The record in this case shows that after the affidavit was properly identified, the State offered Exhibit No. 4 (the affidavit) in evidence as follows:

". . . If the Court please, I will offer State's Exhibit No. 4, and request permission to read it to the Court. You may cross.

"*MR. NEW:* (Attorney for appellant) No questions. No objections.

"WITNESS EXCUSED"

The record shows the affidavit was then read in evidence and the court made the following statement: "To keep the record straight, show State's Exhibit No. 4 admitted in evidence." The next record shows that without moving to strike the affidavit out of the record or without making any objections to its introduction, the following exchange took place between appellant's attorney and the court:

"*MR. NEW:* At this time the defendant asserts his Constitutional rights under the Constitution of

the United States, the 6th amendment, and the Constitution of Indiana, Article 1, Section 16, and demands that he have the opportunity to confront his accusers and the witnesses against him, one Roberta Ann Callan.

*"THE COURT:* Well, I presume you have the right to subpoena her in just like anyone else would, and if you can get her here I think the Court would be interested in hearing what her testimony would be.

*"MR. NEW:* She is a witness. The defendant is entitled to confront witnesses and she is a witness.

*"THE COURT:* Wait a minute, there is nothing before the Court. A document was admitted in evidence. The prosecution made a statement as to the reason and you are now making an argument. There is nothing before the Court to rule on. The deputy prosecutor made an explanation as to the relevancy of this. Maybe it is out of order that it should have been offered, but I see nothing now before the Court."

By appellant's stating he had "no objections" to the introduction of the exhibit and allowing it to be read to the Court without objection, the appellant thereby waived any rights to object and claim or predicate error on the action of the court. It is an old principle of law that one cannot remain silent when he should object or state he has no objections, as here, and thereafter claim the court erred. *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 2d 442; *Sturgeon* v. *State* (1957), 237 Ind. 25, 143 N. E. 2d 411; *Pooley* v. *State* (1945), 116 Ind. App. 199, 62 N. E. 2d 484; *Hantz* v. *State* (1929), 92 Ind. App. 108, 166 N. E. 439; 1 I. L. E. Appeals, §92, p. 587; Flanagan's Indiana Trial and Appellate Practice, §1993, Comment 7.

The judgment of the trial court is affirmed.

Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 749.