BARNES. *v.* STATE OF INDIANA.

[No. 30,423. Filed April 1, 1965. Rehearing denied May 17, 1965.]

*Albert W. Ewbank,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by two indictments with the crime of rape and the crime of robbery filed September 21, 1961. By agreement the charges were consolidated for trial, appellant being first tried by jury on January 29, 1962. Such trial resulting in a

disagreement and the discharge of the jury. Thereafter, on July 31, 1962, appellant was again tried by jury, again the jury was unable to agree and was again discharged. Appellant was tried by jury for the third time on January 21, 1963, such trial resulting in his conviction on the charge of rape and acquittal on the charge of robbery.

The issues were framed by the two indictments and appellant's plea of not guilty. At the conclusion of the State's evidence appellant moved for a discharge as to both charges. Such motion was overruled and the defendant introduced evidence in his behalf and rested; thereafter, the State rested and appellant again presented his motion for discharge, such motion in pertinent part reads as follows:

> "Comes now the defendant at the end of all the evidence and moves the Court for discharge in the above entitled cause and in support thereof alleges and says:
> "1. That the State has failed to establish a prima facie case against the defendant in relation to either the offense of Robbery (sic) or Rape."

Such motion was overruled by the court. The jury returned its verdict as follows:

> "RAPE Cr. 25418 Z
> "We, the Jury, find the defendant guilty of the crime of Rape as charged in the Indictment, and that his age is — years.
> "ROBBERY Cr. 25448 Z
> "We, the Jury, find the defendant Maurice Luzerne Barnes not Guilty."

On the return of the jury appellant had the jury polled, and each juror having stated that the verdict was his verdict, the court ordered a pre-commitment investigation report, fixed the date for sentencing and committed appellant to the Marion County Jail in lieu of

$15,000.00 bond. Thereafter, on January 30, 1963, appellant on the verdict of the jury finding him guilty of rape was sentenced to the Indiana State Prison for not less than two (2) years nor more than twenty-one (21) years. The court found the appellant's age to be 31 years and assessed the costs against the appellant. Thereafter, and within time, appellant filed pro se, his petition for counsel to represent him in an appeal and his motion for a new trial. It is at this particular period that we are confronted with the fact that prior to the appellant's pro se motion for a new trial there had been filed for and in his behalf, by his court appointed counsel, a motion for a new trial wherein the grounds on which the motion was predicated are as follows: (1) That the verdict of the jury is not sustained by sufficient evidence. (2) That the verdict of the jury is contrary to law. (3) Error of law occurring at the trial in this: That the Court erred in overruling the defendant's Motion to Withdraw Submission of the case from the jury on the alleged improper answer to a question propounded the prosecuting witness by the defense counsel. The witness answered what was alleged to have been an improper question, on objection of defendant's counsel the objection was sustained, the jury was admonished to disregard the answer in their deliberations, and thereafter the appellant's counsel moved that the cause be withdrawn from submission to the jury. The basis of the motion was that the last answer of the witness was not responsive to the question, and that in spite of the admonition of the court the appellant's counsel felt that the defendant could not have a fair trial insofar as the jury was concerned. The motion to withdraw the submission was denied by the court. Error of law occurring at the trial in that the court erred in overruling the defendant's motion for discharge made at the end of all the evidence based on the failure of the State to

prove defendant's guilt beyond a reasonable doubt. Error of law occurring at the trial in this, that the court erred in refusing to give defendant's instructions Nos. 2, 3 and 4.

Appellant's assignment of error is the single ground that the trial court erred in overruling the appellant's motion for a new trial.

The factual situation, as disclosed by the evidence of the prosecuting witness, is to the effect that at the time of the trial she was 48 years of age and married to one Harold W. Anderson, that she had two married daughters prior to her marriage to Mr. Anderson. On June 14, 1961, she was employed as a licensed practical nurse at Robert Long Hospital. That she left there on said evening about 11:30 p.m. after completing her work; that she parked her car on Capitol Avenue and went home to her apartment at 146 W. 18th Street, and that she lived there alone. She arrived at home about 11:45 p.m., went up to the apartment, stayed awhile and then decided to go to a drug store because she was sick; that at the time she had on a white uniform, white hose, white shoes and a navy blue short sleeved coat. That she looked at her watch just before she went out and fixed the time as approximately 1:00 a.m. when she started to the drug store. That she walked on the sidewalk on the north side of 18th Street and proceeded East towards the drug store. That as she was going towards the drug store she saw a man standing in the alley between her apartment and the drug store and pointed out the defendant as the man she observed. She went to the drug store and bought medicine which cost fifty cents, received change for a $5.00 bill which she put in her change purse in her uniform pocket and started home. That after she left the drug store she stayed on the southside of the street until half way home when she started to cross in the middle of the street. She had

a terrible fear that someone was behind her and was really frightened, but thought if she could make it the rest of the way home it would be allright. She was in the center of the street at the time and approaching the north side. The next thing she remembers is waking up at General Hospital where they were taking stitches in her nose. She had been beaten, had a broken nose, two broken cheeks, blood was coming from her ears, her glasses were gone, her teeth were gone, and her private parts had been injured. She was in the hospital two weeks and was not at the time of the trial fully recovered from her injury, but was working. She saw the defendant in a cage in the court room and recognized him as the man she saw before entering the drug store. Without going into detail as to all the evidence adduced by the witnesses, in view of the fact that we consider only that evidence most favorable to the State, we will proceed to a brief examination of the evidence of the only eye witnesses to the events here testified to.

The evidence of Delma Edmondson was to the effect that she was married and lived at 130 W. 18th Street, Apartment No. 4, and lived there on the night of June 14th and early morning of June 15, 1961, in company with her husband and her four boys. That she was home at approximately 1:00 a.m. on the morning of June 15, 1961. That she was awakened by some disturbance, and her husband getting up, and that she went to the window and looked out and saw the defendant, that she looked down on him and then called for her husband because she saw blood and thought that he had killed the woman he was with. Afterwards a man, whom she identified as the defendant, came between her house and the next house and went back between the houses. She was asked to describe what the man was doing when she observed him and she stated that he was on top of the woman. The man looked up in her direction,

there was a street light on the corner shining on his face, and when asked if she saw the same man in the court room she pointed to the defendant.

The witness Henry C. Edmondson testified that he lived at 130 West 18th Street, Apartment No. 4, and was home on the evening of June 14th and the early morning of June 15, 1961. That approximately 1:00 a.m. of the 15th he was in bed and was asleep when he was awakened by a lady screaming. He got up and looked out the window. That in looking out the window he saw a man on a woman and when asked what the man was doing he stated that he was on top of her in motion. That he was a colored man. He called his wife and she came to the window and observed the occurance and then he went to call the police.

In the case at bar the appellant is asking this court on appeal, to weigh the evidence and judge the credibility of the witnesses. The rule in Indiana is that in the event of a conflict in the evidence this court will not weigh the evidence on appeal. *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823.

On appeal this court will not determine the credibility of the witnesses when the question of the sufficiency of the evidence is raised. *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *Moss* v. *State* (1959), 239 Ind. 541, 159 N. E. 2d 119.

Appellant places great reliance on the case of *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641. Appellant insists that this judgment should be reversed on appeal because no reasonable man could find from the evidence that the accused was proven guilty beyond a reasonable doubt. In the case at bar the appellant is appealing from a verdict of a jury finding the appellant guilty of the crime of rape and from the judgment imposed pursuant to the verdict. "The credibility of the witnesses and the weight of their testi-

mony were questions for the jury", and this rule applies in an action for rape. *Liechty* v. *State* (1930), 202 Ind. 66, 74, 169 N. E. 466; *Ritter* v. *State* (1946), 224 Ind. 426, 427, 67 N. E. 2d 530; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, 652.

Among the elements on which appellant predicates his appeal is the alleged lack of identification of appellant. This court has held that identity is a question of fact and its weight is for the jury to determine and this holding is more fully presented as follows:

" . . . The question of identity is one of fact and not of law. Therefore all evidence bearing upon the question must be submitted to the jury, and it is for the jury to determine whether it is satisfactory and trustworthy. *Craig* v. *State* (1908), 171 Ind. 317, 323, 86 N. E. 397; *Hendricks* v. *State* (1866), 26 Ind. 493, 494, 495; *Harbor* v. *Morgan* (1853), 4 Ind. 158, 159; 9 Am. Jur., Burglary, §70, p. 274. The evidence was pertinent to the issue of identification and was properly admitted. Its weight was for the jury to determine." *Medsker* v. *State* (1946), 224 Ind. 587, 590, 70 N. E. 2d 182.

Appellant also alleges that the verdict of the jury is contrary to law. This court recently held as follows:

" . . . It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91" *Weaver* v. *State* (1963), 243 Ind. 560, 566, 187, N. E. 2d 485, 488.

The appellant next alleges error by reason of the trial court's failure to direct a verdict of not guilty at the close of all the evidence. This court has held as follows:

"It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict in favor of the accused in the trial of a criminal case can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. Where a determination of the issue involves the weight of the evidence or the credibility of witnesses, it is an invasion of the province of the jury for the court to direct a verdict. *State* v. *Kubiak* (1936) 210 Ind. 479, 4 N. E. 2d 193. We conclude that the trial court erred in directing the jury to return a verdict of not guilty.

"The appeal is therefore sustained." *State* v. *Torphy* (1940), 217 Ind. 383, 388, 28 N. E. 2d 70.

Appellant urges that it was error to let the robbery count go to the jury. In as much as the verdict of the jury was a finding of not guilty on that count, if there was error in so doing, the error was cured by the verdict.

Certain instructions tendered by appellant and refused by the court have been examined in view of the appellant's contention that these instructions were pertinent and should have been given, and it is our opinion that the action of the court in refusing to give such instructions was justified and that no error was committed thereby.

The judgment is affirmed.

Arterburn, C. J., Myers, and Landis, JJ., concur.

Achor, J., not participating.

NOTE.—Reported in 205 N. E. 2d 539.