have been informal, in view of sufficiency of recital in the record as to the verdict returned.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when motion to amend affidavit of defense properly denied.* Motion of defendant to amend his affidavit of defense was properly denied when made several weeks after the conclusion of the trial and when no amendment was presented to the court at the time the motion was made.

5. LANDLORD AND TENANT, § 75*—*when provision of lease for payment of entire amount of rental as liquidated damages upon assignment for benefit of creditors valid.* Where under provisions of a lease it was provided that if lessees should make assignment for benefit of creditors, the lessees should at once pay to the lessors "a sum of money equal to the entire amount of rent by this lease provided to be paid   *   *   *   as the liquidated damages of the lessors," *held* that the claim of lessors for such entire amount of rental as liquidated damages was justified under the terms of the lease as against a trustee of the lessees for the benefit of their creditors.

---

## The People of the State of Illinois, Defendant in Error, v. William De Joy, Plaintiff in Error.

### Gen. No. 21,814.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against William De Joy, defendant, for pandering. From a judgment of guilty, defendant brings error.

REYNOLDS, MACY & CLARKE, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 409*—*when question of sufficiency of information may not be raised on appeal.* Where defendant's attorney goes to trial without objection to the information and it is suggested that the information is insufficient in that it charges several offenses in the alternative and does not describe the place of the offense, and such defects do not go to the question of guilt or innocence, it is too late to object to them in the Appellate Court.

2. PROSTITUTION, § 3a*—*when information for pandering charges only one offense.* The words "inducing" and "persuading" in an information for pandering are practically synonymous and charge only one offense.

3. PROSTITUTION, § 3a*—*what is sufficient description of place in information for pandering.* A charge that the offense of pandering happened in the City of Chicago, at 671 Milwaukee avenue, is sufficient description of the place of the offense.

4. CRIMINAL LAW, § 497*—*when execution of written jury waiver presumed on appeal.* Where the record in a criminal case recites the execution of a jury waiver in writing it imports verity in that regard, and a waiver in the record is not impaired as to its integrity because defendant signed by making his mark.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,